IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02556

NATHAN L. FELDMAN,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

    The Defendant, Allstate Property and Casualty Insurance Company, through its attorneys, Tucker Holmes, P.C., through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

    1.    On August 19, 2019, the CT Corporation, as registered agent for Allstate, was served with Plaintiff's Complaint filed in the District Court, Arapahoe County, State of Colorado, captioned, *Nathan L. Feldman v. Allstate Property and Casualty Insurance Company, et. al.*, case number 2019CV31937. (See, *Complaint*, attached hereto as **Exhibit A**.)

    2.    Plaintiff, Nathan Feldman (hereinafter "Feldman"), filed his Complaint in Arapahoe County District Court on or about August 15, 2019.

    3.    At all relevant times, Feldman was a citizen of the State of Colorado. (**Exhibit A**, ¶ 1.) At the time of the Accident, Plaintiff resided at 3619 South Ouray Circle, Aurora, CO

80013. Plaintiff currently resides at the same address. (**Exhibit A**, p. 4.) The insurance policy was issued July 7, 2017 and listed Feldman's address as 3619 South Ouray Circle, Aurora, CO 80013. Plaintiff's continuous residence in Colorado demonstrates his intent to remain, and is sufficient to establish Plaintiff is a Colorado resident for purposes of diversity jurisdiction.

4. A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5. At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6. The underlying event for Feldman's claim against Allstate is a motor vehicle accident involving Feldman on July 3, 2018. (**Exhibit A,** ¶ 4; hereinafter "the Accident".) Feldman alleges that Eva Dominguez failed to stop for a red light, struck a vehicle driven by Mikel Adams, and Mr. Adams in turn struck Feldman. (**Exhibit A**, ¶¶ 4-6)

7. Feldman claims he is entitled to be compensated by Allstate for all damages he has incurred, including pain, suffering, loss of enjoyment of life, loss of earning capacity, permanency and/or impairment, and disability. (See, **Exhibit A**, ¶ 34)

8. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id*. While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

10. The Allstate policy in question had limits of $100,000/$300,000 per person/per occurrence.

11. Feldman and Allstate do not agree on the value of his claim for underinsured motorist ("UIM") benefits.

12. In his Complaint, in addition to his claimed injuries and damages set forth above, Feldman also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, and interest from the time of the occurrence, and post-judgment interest at the requisite rate. (**Exhibit A**, ¶ 37.)

13. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves his damages are equal to or exceed the $100,000 policy limits, proves he is entitled to benefits under the policy, and proves those benefits were unreasonably delayed and denied, he is entitled to collect the policy limits of $100,000, plus two times the covered benefit, equaling a total of $300,000, plus attorney fees.

14. If Plaintiff proves his claim pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 at trial, the attorney fees incurred, standing alone, will likely exceed $75,000. Upon information

and belief, attorneys at the Azar firm charge an hourly rate between $250/hour and $400/hour, and paralegal work is billed at $90/hr. In similar cases, attorneys at the Azar firm have requested amounts greater than $100,000 for reasonable attorney fees when a statutory delay/denial claim has been proven at trial. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis may meet the jurisdiction threshold on its own simply with an award of attorney fees.

15. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

16. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

17. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

18. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . ."

19.     Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is no forum defendant who has been properly joined and properly served and the parties are residents of different states.

20.     Since Plaintiff's Complaint was served on August 19, 2019, the time period for allowance of removal has not expired.  The Return of Service is attached as **Exhibit D**.

21.     Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders" are attached hereto.  (**Exhibit E**, Delay Reduction Order; **Exhibit F**, Division 15 Delay Reduction Order.)

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Arapahoe County District Court to the United States District Court of Colorado.

DATED:  September 9, 2019

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com
*Attorneys for Allstate Property and Casualty Insurance Company*